Bantex, Judge.
 

 After stating the pleadings as above proceeded: — By the act of 1786,
 
 (Rev. ch.
 
 248, § 2) promissory notes, and accounts signed by the debtor, are made of equal dignity with bonds and specialties, in a course of administration. In 11
 
 Vin. Ab.
 
 289.
 
 pl.
 
 26, the question was whether rent due upon a lease-parol,paid by an executor, should be a good discharge to him,, against an obligation of the testators. It was objected that debts by specialty are of a higher nature than debts without specialty, and therefore the executor, having paid this rent which was not due by specialty, liad paid it in his own wrong, so long as there were debts owing upon specialty. But the whole court were of opinion, that it was well enough ; and that rent, though it be upon a lease-parol, is of as high a nature as an obligation. That au obligation taken for rent, did not extinguish the rent.
 
 (Phillips
 
 v.
 
 Lee
 
 1
 
 Freem. Rep.
 
 262,
 
 pl.
 
 283.) In
 
 Godfrey
 
 v.
 
 Newport, (Comb.
 
 183, 4
 
 Mod. 45.)
 
 the court held that the rent being in the realty is of as high a nature as a bond, for no wager of law licth. Debts due on lease by deed,and debts on bond, arc in equal degree,and that lease by deed, and a parol lease are in in this case the same.
 
 (Gage v. Aclon, Carth.
 
 511,
 
 12 Mad,
 
 291.) The contract remains in the really, notwithstanding the term lias expired, and the right of distress gone.
 
 (Newport
 
 v.
 
 Godfrey, 3 Lev.
 
 267.) Rent arrear
 
 on
 
 a parol lease, and unpaid by the testator,is equal to a debt by specialty, for this savouring of the realty, and maintained from receiving the profits of the land, the executor can no more wage his law against such a debt, than lie can against a debt by specialty.
 
 Ergo,
 
 it is more than a mere personalty. (3
 
 Bar. Ab.
 
 82.
 
 Wilson's edition.)
 

 From these authorities it appears that the question is completely settled at common law, and there is no act
 
 *504
 

 mi
 
 Assembly which alters -the common law in this particular.
 

 We are therefore of opinion that the judgment should be affirmed.
 

 Per Curiam. — Judgment affirmed.